# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

FRANKIE D. HALL                        :
2677 Evergreen Road                    :
Odenton, MD 21113                      :
                                       :
    Plaintiff                        :
                                       :
vs.                                    :
                                       :
DEPARTMENT OF DEFENSE                  :
                                       :
    Defendant                        :

## COMPLAINT

### Introduction

1. This is an action for judicial review of a decision of the Department of Defense Physical Disability Board of Review (PDBR). See Exhibit "A".

2. Review is sought under the provisions of the Administrative Procedures Act, 5 U.S.C. § 701 *et seq*.

3. Plaintiff is Frankie D. Hall, a veteran of the United States Army.

4. Defendant is the United States Department of Defense (DoD).

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1346.

### Factual Background

6. In 2003, Plaintiff was separated from the Army due to an unfitting disability

resulting from chronic right knee pain. Although Plaintiff also suffered from obstructive sleep apnea (OSA), the Army determined that Plaintiff's OSA was not unfitting. The disability rating assigned by the Army for the unfitting knee disability based upon Department of Veterans Affairs (VA) criteria was zero percent.

7. As a result, Plaintiff was ineligible for ongoing military disability retirement benefits. Such benefits, which include non-monetary benefits such as Tricare health care eligibility, require an unfitting disability rating of 30% or more.

8. Following separation, the Department of Veterans Affairs rated Plaintiff's OSA at 50% retroactive to the date of separation.

9. Had Plaintiff's OSA been considered unfitting he would be eligible for ongoing non-monetary military disability retirement benefits.

10. In 2014, Plaintiff requested a review of his disability rating by the PDBR pursuant to 10 U.S.C. § 1554a. The PDBR is a DoD tribunal established by statute to review disability ratings of 20% or less issued during the period September 11, 2011 through December 31, 2009. The PDBR accepted Plaintiff's case for review and changed his disability rating for the unfitting knee disability to 10%.

11. However, the PDBR refused to recognize Plaintiff's OSA as unfitting.

## Cause of Action

12. Judicial review of the PDBR is performed using the standards of § 706 of the Administrative Procedures Act, 5 U.S.C. § 706. The PDBR's decision may be set aside if it is contrary to law, if it was made without observance of procedures required by law, if the PDBR acted arbitrarily and capriciously, or if it abused its discretion.

13. Moreover, the PBDR will be found to have acted arbitrarily and capriciously if it failed to consider relevant factors, if it considered factors it should not have considered, if it entirely failed to consider an important aspect of the problem, or if it has provided an explanation for its decision that is implausible or runs counter to the evidence. See generally, *Motor Vehicles Mfrs Ass'n of U.S., Inc v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29 (1983). There must also be a rational connection between the facts found and the choices made. *Id*.

14. Applying the foregoing standards, the decision of the PDBR should be reversed for reasons that include, but are not limited to, the following:

    a. Under Army Regulation 635-40, §5-2, the existence of an unfitting disability is based upon a soldier's inability to reasonably perform the duties of his or her office, grade, rank or rating. For an enlisted member, this means the duties of his or her permanent military

occupational specialty (PMOS). Here, Plaintiff's PMOS was as a Signal Intelligence Analyst. His job required constant alertness and extended mental concentration. The PDBR did not consider the duties of Plaintiff's job in making its decision, and this is a factor it should have considered.

b. The PDBR did not consider that Plaintiff was diagnosed with severe OSA, and he reported to his doctors that he was likely to fall asleep while sitting and reading. His job required extended sitting and reading. This is a factor that the PDBR should have considered.

c. The PDBR relied upon the absence of symptoms of OSA from Plaintiff's service treatment record prior to a sleep study that occurred in November 2002. However, the treatment records show that Plaintiff reported sleep difficulties as early as August 9, 2002. To the extent the PDBR is relying upon the absence of symptoms prior to August 9, 2002, that absence is irrelevant to his later diagnosis of OSA and is a factor that the PDBR should not have considered. To the extent the PDBR is ignoring that Plaintiff had OSA symptoms for months prior to his sleep study, the PDBR's explanation runs contrary to the evidence.

d. The PDBR relied upon Plaintiff's difficulties in using a Continuous Positive Airway Pressure (CPAP). However, under AR 40-501, §3-

41(c), severe OSA by itself can be an unfitting condition warranting disability processing and Plaintiff had severe OSA.  That Plaintiff had difficulties accommodating the CPAP machine is a factor that should not have been considered by the PDBR in denying the severe OSA as an unfitting condition.

e. The PDBR relied upon the absence of performance based evidence from the record to the effect that Plaintiff could not perform his duties due to his OSA.  However, the nature of Plaintiff's work was such that the effects of daytime sleepiness on his performance would not be noted in the records reviewed by the PDBR.  This was a fact that should have been considered by the PDBR but was not.

WHEREFORE, Plaintiff prays that this Honorable Court reverse the decision of the PDBR, remand the case for a new decision, and award Plaintiff his attorney fees and costs.

                                        Respectfully submitted
                                        *s/ Jason W. Manne*
                                        Jason W. Manne
                                        Attorney at Law
                                        DC Bar No. 1018840

Dated: August 5, 2019
Manne Law Office
P.O. Box 81860
Pittsburgh, PA 15217
Tel:  (724) 635-5718
Fax: (412) 421-8571
Email: JManne@lawmanne.com